**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ALLEN THORNTON,

      Petitioner - Appellant,

vs.

STATE OF OKLAHOMA; JAMES
SAFFLE; RICK HUDSON, Warden,

      Respondents - Appellees.

No. 99-6068
(D.C. No. CIV-98-1365-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Thornton, an inmate appearing pro se, seeks to appeal from the district court's dismissal of his habeas petition, 28 U.S.C. § 2254. The magistrate judge, whose findings and recommendations were adopted by the district court, determined that Mr. Thornton was not "in custody" on the 1979 conviction he challenged because the sentence was discharged on September 27, 1990, and Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Thornton had not provided adequate evidence of enhancement. In the alternative, the petition was time-barred under 28 U.S.C. § 2244(d)(1). The magistrate judge also rejected Mr. Thornton's argument that application of § 2244(d)(1) constituted a suspension of the writ and also concluded that equitable tolling did not apply. The district court determined that even if Mr. Thornton was "in custody" pursuant to Maleng v. Cook, 490 U.S. 488 (1989), the petition was time-barred.

On appeal, Mr. Thornton argues that barring his first federal habeas petition would constitute an unconstitutional suspension of the writ and that he is "in custody" on the 1979 conviction because it is being used to enhance his present sentence. We are in agreement with the district court that the former argument is addressed by Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998), and that Mr. Thornton has not demonstrated that his situation falls within any exception that might render the habeas remedy inadequate or ineffective. Because Mr. Thornton's petition is untimely, we need not reach his "in custody" argument.

We DENY Mr. Thornton's motion for leave to proceed on appeal without prepayment of fees or costs, DENY a certificate of appealability for want of "a substantial showing of the denial of a constitutional right," 28 U.S.C. §

- 2 -

2253(c)(2), and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge